UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GOLDIE D. MEDICK,

                  Plaintiff,

                                     5:11-CV-0851
v.                                       (GTS/ATB)

MICHAEL J. ASTRUE, Commissioner
 of Social Security,

                  Defendant.
_____

APPEARANCES:                            OF COUNSEL:

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
300 South State Street
4th Floor, Suite 520
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this action filed by Goldie D. Medick ("Plaintiff") against

Social Security Commissioner Michael J. Astrue ("Defendant") for Social Security benefits

pursuant to 42 U.S.C. § 405(g), are the following: (1) Plaintiff's motion for judgment on the

pleadings (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 14); (3)

United States Magistrate Judge Andrew T. Baxter's Report-Recommendation, issued pursuant to

28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this

Court, recommending that this action be dismissed in its entirety (Dkt. No. 15); and (4) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 16).  For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendations is accepted and adopted in its entirety; Plaintiff's motion for judgment on the pleadings is denied; and Defendant's motion for judgment on the pleadings is granted.

## I.      RELEVANT BACKGROUND

### A.      Procedural History

Because neither party has filed an Objection to Part I of Magistrate Judge Baxter's Report-Recommendation, which accurately describes the procedural background of this action, the Court adopts that part's description in this Decision and Order, which is intended primarily for the review of the parties.  (*See generally* Dkt. No. 15, at Part I.)

On July 29, 2009, Plaintiff "protectively filed"[1] applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, claiming disability beginning November 1, 2007, resulting from morbid obesity, vertigo, neurologic problems, diabetes, difficulty sleeping, numbness and pain in both arms and hands, burning and pain in both legs, back pain, and inability to walk without falling down.  (*See*

---

[1]      When used in conjunction with an "application" for benefits, the term "protective filing" indicates that a written statement, "such as a letter," has been filed with the Social Security Administration, indicating the claimant's intent to file a claim for benefits. *See* 20 C.F.R. § 404.630. There are various requirements for this written statement. *Id.* If a proper statement is filed, the Social Security Administration will use the date of the written statement as the filing date of the application even if the formal application is not filed until a future date. Plaintiff's actual application in this case is dated August 14, 2009. (T. 159-62.)

Administrative Transcript ["T."] at 17, 67-68, 77-78, 159-160, 191-196.)[2]  Plaintiff's

applications were initially denied, and she requested a hearing.  (T. 17, 80-81.)  She appeared

and testified at a video hearing before an Administrative Law Judge ("ALJ"), Barry Peffley, on

December 6, 2010. (T. 17-35.)  Vocational expert, Alina Kurtanich, also testified at the hearing.

(T. 49-50, 52-63.)  On January 12, 2011, the ALJ issued his decision denying Plaintiff's

applications for benefits.  (T. at 14-26.)  In his decision, the ALJ determined that Plaintiff did not

have an impairment or combination of impairments that meet or medically equal any of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*.)  On June 2, 2011, the

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final

decision of Defendant.  (T. at 1-5.)  On July 21, 2011, Plaintiff commenced this action in federal

court.  (Dkt. No. 1.)

### B.    Plaintiff's Motion for Judgment on the Pleadings

Generally, in her motion for judgment on the pleadings, Plaintiff asserts the following

four arguments: (1) the ALJ erred at step two of the applicable five-step analysis by failing to

find that Plaintiff's unspecified bilateral neuropathy was a severe impairment (Dkt. No. 11 at 12-

14 [attaching pages "10" through "12" of Plf.'s Memo. of Law]); (2) the ALJ's residual

functional capacity ("RFC") finding was unsupported by substantial evidence and is the product

of legal error due to (a) the ALJ's failure to properly weigh the opinion of Plaintiff's treating

physician Dr. Satterly, (b) the ALJ's failure to properly weigh  the opinion of Plaintiff's

---

[2]        Generally, "[t]o be eligible for disability insurance benefits, a claimant must
establish an 'inability to engage in any substantial gainful activity by reason of any medically
determinable physical or mental impairment . . . which has lasted or can be expected to last for a
continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec*., 05-CV-0345,
2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

consultative examiner Dr. Ganesh, (c) the ALJ's failure to apply the psychiatric review technique when making his RFC finding, and (d) the ALJ's failure to provide function-by-function findings (*id.* at 14-21 [attaching pages "12" through "19" of Plf.'s Memo. of Law]); (3) the ALJ misstated the facts and failed to apply the appropriate legal standards in finding Plaintiff not credible (*id.* at 21-24 [attaching pages "19" through "22" of Plf.'s Memo. of Law]); and (4) the vocational expert's testimony could not provide substantial evidence to support the ALJ's determination of disability (*id.* at 24-26 [attaching pages "22" through "24" of Plf.'s Memo. of Law]).

### C.     Defendant's Motion for Judgment on the Pleadings

Generally, in his motion for judgment on the pleadings, Defendant argues that his decision that Plaintiff was not disabled during the relevant period (i.e., November 1, 2007, to January 12, 2011) is supported by substantial evidence and should therefore be affirmed for the following four reasons: (1) the ALJ properly found that Plaintiff's unspecified bilateral neuropathy was not a severe impairment (Dkt. No. 14, at 8-11 [attaching pages "6" through "9" of Def.'s Memo. of Law]); (2) the ALJ properly evaluated Plaintiff's RFC in that (a) the ALJ properly evaluated the opinions of Dr. Satterly and Dr. Ganesh, (b) the ALJ applied the psychiatric review technique when he evaluated Plaintiff's mental impairment, and (c) the ALJ performed a function-by-function assessment (*id.* at 11-20 [attaching pages "9" through "18" of Def.'s Memo. of Law]); (3) the ALJ properly evaluated Plaintiff's credibility (*id.* at 20-23 [attaching pages "18" through "21" of Def.'s Memo. of Law]); and (4) the ALJ properly relied upon the vocational expert's testimony to conclude that Plaintiff could perform other work (*id.* at 23-25 [attaching pages "21" through "23" of Def.'s Memo. of Law]).

4

D.      **Magistrate Judge Baxter's Report-Recommendation**

On June 22, 2012, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendant's decision denying Plaintiff Social Security benefits be affirmed and the Complaint be dismissed.  (Dkt. No. 15, at Part VI.)  Generally, in support of his recommendation, Magistrate Judge Baxter found as follows: (1) the ALJ correctly found that Plaintiff's unspecified bilateral neuropathy was not a severe impairment (and, in any event, even if an error existed, it was harmless because the ALJ considered all of Plaintiff's limitations in his ultimate decision; (2) the ALJ properly evaluated Plaintiff's RFC in that (a) the ALJ properly weighed the opinion of Dr. Satterly, (b) the ALJ properly weighed the opinion of Dr. Ganesh, (c) the ALJ applied the psychiatric review technique made his RFC finding, and (c) the ALJ properly performed a function-by-function assessment of Plaintiff's abilities; (3) the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence because he considered the factors relevant to the credibility determination; (4) the vocational expert's testimony is supported by substantial evidence, in part because the hypothetical question posed by the ALJ to the vocational expert regarding Plaintiff's limitations took all of her limitations into consideration.  (*Id*.)

E.      **Plaintiff's Objection to the Report-Recommendation**

On July 5, 2012, Plaintiff filed her Objection to the Report-Recommendation.  (Dkt. No. 16.)  Generally, in her Objection, Plaintiff argues the following: (1) Magistrate Judge Baxter erroneously found that (a) the ALJ was entitled to rely on the opinion of Dr. Ganesh and (b) the ALJ was not required to re-contact Dr. Satterly for an opinion of Plaintiff's remaining abilities; (2) Magistrate Judge Baxter erroneously found that the ALJ's assessment of Plaintiff's

credibility was supported by substantial evidence; and (3) Magistrate Baxter erroneously found that the vocational expert's testimony was supported by substantial evidence.  (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[3]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

---

[3]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.*

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

*Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5]     *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[7]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.    Standard Governing Judicial Review of Defendant's Decision

Because neither party has filed an Objection to Part II of Magistrate Judge Baxter's Report-Recommendation, which accurately and correctly recited the disability standard and scope of review of Defendant's decision, the Court adopts that part's recitation in this Decision and Order, which is intended primarily for the review of the parties.  (*See generally* Dkt. No. 22, at Part II.)

## III.   ANALYSIS

As an initial matter, Plaintiff's objections consist of mere reiterations of various of the arguments made by Plaintiff in support of her motion for judgment on the pleadings submitted to Magistrate Judge Baxter.

In particular, while Plaintiff's first objection is couched in terms of an error committed by Magistrate Judge Baxter, in fact it merely consists of a reiteration of two of the arguments made by Plaintiff in support of Point 2 of her motion for judgment on the pleadings submitted to Magistrate Judge Baxter.  (*Compare* Dkt. No. 16, at 4-5 [attaching pages "2" and "3" of Plf.'s Objection, arguing that (a) the ALJ erroneously afforded "great weight" to Dr. Ganesh's opinion, and (b) the ALJ was required to re-contact Dr. Satterly for clarification] *with* Dkt. No. 11, at 16-18 [attaching pages "14" through "16" of Plf.'s Memo. of Law, asserting same two arguments].)

---

[7]       *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Similarly, while Plaintiff's second objection is couched in terms of an error committed by Magistrate Judge Baxter, in fact it merely consists of a reiteration an argument made by Plaintiff in support of Point 3 of her motion for judgment on the pleadings submitted to Magistrate Judge Baxter.  (*Compare* Dkt. No. 16, at 5-6 [attaching pages "3" and "4" of Plf.'s Objection, arguing that the ALJ erred in failing to follow the procedural safeguards set forth in Social Security Ruling 96-7] *with* Dkt. No. 11, at 23-24 [attaching pages "21" and "22" of Plf.'s Memo. of Law, asserting same argument].)

Furthermore, while Plaintiff's third objection is couched in terms of an error committed by Magistrate Judge Baxter, in fact it merely consists of a reiteration an argument made by Plaintiff in support of Point 4 of her motion for judgment on the pleadings submitted to Magistrate Judge Baxter.  (*Compare* Dkt. No. 16, at 6-7 [attaching pages "4" and "5" of Plf.'s Objection, arguing that (a) the hypothetical question posed to the vocational expert was incomplete due to the ALJ's errors in his RFC analysis, and (b) the ALJ failed to provide a "reasonable explanation" for the inconsistency between the vocational expert's testimony and the *Dictionary of Occupational Titles*] *with* Dkt. No. 11, at 24-26 [attaching pages "22" through "24" of Plf.'s Memo. of Law, asserting same two arguments].)

As a result, for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the portions of the Report-Recommendation addressing these arguments only for clear error.  After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Baxter's Report-Recommendation is free of clear error.  Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  (Dkt. No. 15.)

The Court would add only the following analysis.  Even if Plaintiff's Objection could be somehow construed as asserting a specific challenge to the Report-Recommendation requiring the Court to subject the Report-Recommendation to a de novo review, the Court would find that the Report-Recommendation survives that review.  For example, in her Objection, Plaintiff argues that (1) the ALJ's found that she was not credible because she failed to seek psychiatric treatment for her mental impairments, and (2) this finding was improper because the ALJ never expressly considered the fact that her lack of treatment was due to her lack of insurance.  (T. at 23; Dkt. No. 16, at 6 [attaching page "4" of Plf.'s Objection].)

As an initial matter, as Magistrate Judge Baxter explained in his Report-Recommendation, one of the factors that the ALJ may consider in evaluating the intensity and persistence of a claimant's symptoms and the extent to which the claimant's symptoms limit her capacity for work  is whether she received "other treatment to relieve symptoms." 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).  That was what the ALJ was doing when he observed that "[]he record supports that the claimant has not sought any psychiatric treatment for her mental impairments."  (T. at 23.)

Moreover, even if the ALJ was using Plaintiff's failure to seek treatment to draw an inference about her credibility, he committed no error.  Granted, before drawing an adverse inference about an individual's failure to seek regular medical treatment, the ALJ must consider any explanations that the individual may provide, or other information in the case record, that may explain the failure to seek medical treatment.[8]  However, here, although she was represented

---

[8]     Social Security Ruling 96-7p provides in pertinent part as follows:

> [T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or

by counsel at the hearing, Plaintiff never provided any explanation for her failure to seek the treatment in question.  (*See generally* T. at 33-66.)  Moreover, while the record indicates that she lacked insurance during a certain time  period, the record also indicates that (1) this time period was only seventeen months (i.e., June 25, 2008, to November 23, 2009) of the relevant thirty-seven-month time period (i.e., from November 1, 2007, to December 6, 2010), (2) her failure to receive Fidelis health insurance was partially caused by her own lack of effort, and (3) despite her lack of insurance, Dr. Satterly was willing to "get her on [Neurontin or Lyrica]" if she wanted.  (T. 365, 368, 393.)  Simply stated, the Court finds that the record does not contain information that *explains* Plaintiff's failure to seek medical treatment during the relevant time period.  *Cf. Davis v. Comm'r of Social Sec.*, 10-CV-0945, 2011 WL 1376699, at *10 (N.D. Ohio March 25, 2011) ("[T]he record does not support Plaintiff's claim that she lacked insurance and could not get treatment for financial reasons.").

Finally, even if the ALJ did commit an error, his credibility finding is supported by substantial other evidence in the record (e.g., the fact that she was able to provide medical care for others at a time when she claimed she was unable to work).  (T. at 23.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 15) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

---

irregular medical visits or failure to seek medical treatment. The adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

SSR 96-7p, 1996 WL 374186, at *7.

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is

**GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 13, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge